1 DANIEL L. WARSHAW (Bar No. 185365)
   dwarshaw@pswlaw.com
2 NAVEED ABAIE (Bar No. 323338)
   nabaie@pswlaw.com
3 **PEARSON, SIMON & WARSHAW, LLP**
4 15165 Ventura Boulevard, Suite 400
5 Sherman Oaks, California 91403
  Telephone: (818) 788-8300
6
7 Attorneys for Plaintiff and the Proposed Class

8

9 **UNITED STATES DISTRICT COURT**
  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11 REYNOLDS HARTWICH, individually and on behalf of all others similarly situated, | Case No. 8:20-cv-1253 |
| 12 | **CLASS ACTION COMPLAINT** |
| 13 Plaintiff, | |
| 14 vs. | **1. Violation of California Consumers Legal Remedies Act ("CLRA"); Cal. Civ. Code §§ 1750, *et seq.*** |
| 15 THE KROGER CO. and RALPHS GROCERY COMPANY, a division of the Kroger Company, | |
| 16 | |
| 17 Defendants. | **2. Violation of California's False Advertising Laws ("FAL"); Cal. Bus. & Prof. Code §§ 17500, *et seq.*** |
| 18 | |
| 19 | **3. Violation of California's Unfair Competition Laws ("UCL") Unlawful, Fraudulent & Unfair Business Practices; Cal. Bus. & Prof. Code §§ 17200, *et seq.*** |
| 20 | |
| 21 | |
| 22 | **4. Violation of The Magnuson-Moss Warranty Act; 15 U.S.C. §§ 2301 *et seq.*** |
| 23 | **5. Breach of Express Warranty** |
| 24 | **6. Unjust Enrichment** |
| 25 | **DEMAND FOR JURY TRIAL** |

26

27

28

935808.1

## NATURE OF THE CASE

1.     This is a putative class action on behalf of Plaintiff Reynolds Hartwich ("Plaintiff"), and all others similarly situated, against Defendants Ralphs Grocery Company and The Kroger Co. (collectively referred to as "Defendants" and separately referred to as "Ralphs" and "Kroger").

2.     Ralphs is one of the largest food retailers in Southern California. Ralphs operates over 400 stores throughout California. Ralphs markets, advertises, and sells various products, including, but not limited to pain reliever and fever reducers, to its customers.

3.     Ralphs is a division of the Kroger Company, and sells a brand of pain reliever and fever reducer under the "Kroger®" label, including Infants' Pain & Fever Acetaminophen - Kroger® ("Infants' Products") and Children's Pain & Fever Acetaminophen - Kroger® ("Children's Products"), two well-known brand-name Over The Counter ("OTC") medications. The Infants' Products and Children's Products are collectively hereinafter referred to as the "Products."

4.     The Products are distributed by Kroger, which is one of the world's largest food retailers. The Products are available for both online and in-store purchase at Ralphs store locations across the United States.

5.     Acetaminophen, the active ingredient in the Products, can be dangerous, and perhaps even fatal, if taken in large doses. The potential risks associated with an acetaminophen overdose terrifies parents and caregivers and causes them to be extra careful when buying medicine for their children. Defendants exploit this fear by misleading consumers.

6.     It is the manner in which Defendants market, price, and sell the Products in Ralphs store locations that forms the underlying basis for this action.

7.     Defendants' advertisements, marketing representations, and placement of the Products in Ralphs store locations are misleading, untrue, and likely to deceive reasonable consumers. Kroger purposely distributes and packages Infants'

Products with distinctive lettering of the word "infants'" on the product's front-label, while packaging Children's Products with distinctive lettering of the word "Children's" on the product's front-label. Accordingly, Defendants distribute, market, and sell the Products in a manner which deceives reasonable consumers into thinking that infants cannot safely take Children's Products.

8.      Furthermore, despite the fact that the Products contain the same exact amount of acetaminophen in the same dosage amounts, Defendants market and sell Infants' Products to consumers, such as Plaintiff, at a substantially higher price than Children's Products. In both Ralphs' online and in-store locations, the Infants' Products cost approximately three times as much per ounce than Children's Products for the same amount of medicine.

9.      No reasonable consumer would pay approximately three times more for Infants' Products, as compared to Children's Products, unless he or she was deceived into thinking that infants cannot safely take Children's Products.

## JURISDICTION AND VENUE

10.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because there is minimal diversity and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

11.      Jurisdiction and venue are properly vested in this Court because Plaintiff resides in California, and a substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district. Additionally, Ralphs has substantial business contacts with the State of California, or otherwise avails itself of the markets within California, through promotion, sale, marketing and distribution of the Products in California, to render the exercise of jurisdiction by this Court proper and necessary. Furthermore, Ralphs can be brought before this Court pursuant to California's long-arm jurisdictional statute.

12.      Furthermore, the Court has personal jurisdiction over Kroger because

1  Kroger has purposely availed itself of the benefits and privileges of conducting
2  business activities within California, specifically, by intentionally distributing,
3  marketing, and selling the Products in California. Kroger is registered to do business
4  in California under entity number C0692542.

5       13.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§
6  1391(b) - (d) because, *inter alia*, Ralphs resides in, and is subject to personal
7  jurisdiction in, this judicial district at the time that Plaintiff commenced this action
8  and because Defendants' contacts within this judicial district are significant and
9  sufficient to subject it to personal jurisdiction. Further, venue is appropriate in this
10 judicial district because a substantial part of the events or omissions giving rise to
11 Plaintiff's claims occurred in this judicial district.

12                              **PARTIES**

13      14.    At all relevant times, Plaintiff Reynolds Hartwich, has resided in
14 Newport Beach, California. Plaintiff has been purchasing the Infants' Products for
15 approximately four (4) years, and first purchased the Infants' Products at the Ralphs
16 store located at 380 E. 17th St., Costa Mesa, California 92627. Plaintiff is a mother
17 to two daughters. Plaintiff bought the Infants' Product for her eldest daughter when
18 she was between the ages of six (6) months and three (3) years old. Plaintiff has also
19 been purchasing the Infants' Product for her youngest daughter, who is now
20 eighteen (18) months old, since she was six (6) months old.

21      15.    Plaintiff saw and relied upon the Infants' Products' packaging and
22 labeling.

23      16.    Plaintiff purchased the Infants' Products because she believed that the
24 Infants' Products were specifically formulated and designed for infants based on the
25 marketing and labeling of the Infants' Products. Plaintiff believed that the Infants'
26 Products were different than the Children's Products. If Plaintiff knew that the
27 Infants' Products were nothing more than the Children's Products, she would not
28 have purchased the Infants' Products or paid a price premium for the Infants' Products.

17. Had Defendants not made the false, misleading, and deceptive representation that the Infants' Products were formulated and designed for "Infants," nor omitted the fact that the Infants' Products were nothing more than the Children's Products with the word "Infants'" prominently displayed, Plaintiff would not have been willing to pay the premium for the Infants' Products, or she would not have been willing to purchase the Infants' Products at all. Plaintiff purchased and paid more for the Infants' Products than she would have if she had known the truth about the Infants' Products. The Infants' Products that Plaintiff received were worth less than the Infants' Products for which she paid. Plaintiff was injured in fact and lost money as a result of the Defendants' deceptive conduct.

18. Plaintiff desires to purchase Infants' Products in the future and regularly visits retail locations where such products are sold. If Plaintiff knew that the Infants' Products' labels were truthful and non-misleading, she would continue to purchase the Infants' Products in the future.

19. At present, however, Plaintiff cannot purchase the Infants' Products because she remains unsure whether the labeling of the Products is, and will be, truthful and non-misleading. If the Infants' Products were in fact different from the Children's Products, or if it were disclosed that the Infants' Products were the same as the Children's Products, Plaintiff would purchase the Products in the immediate future, and she would be willing to pay a price premium if they were in fact specially formulated for infants.

20. Ralphs is a corporation incorporated under the laws of Delaware and is a "person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2.

21. Ralphs is, and at all times mentioned in this Complaint, a corporation organized and existing under the laws of Delaware with its principal place of business located at 1100 W. Artesia Blvd., Compton, California 90220. Ralphs is, and at all times mentioned in this Complaint, a division of the Kroger Company (an Ohio corporation) doing business and operating over 400 stores throughout

1   California. Ralphs can sue and be sued in this Court.

2       22.    Kroger is incorporated in the state of Ohio and is a "person" as defined

3   in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2.

4       23.    Kroger is, and at all times mentioned in this Complaint, a corporation

5   organized, existing, and doing business under and by virtue of the laws of the State

6   of Ohio, with its office and principal place of business located at 1014 Vine Street,

7   Cincinnati, Ohio 45202. Kroger is registered to do business in California under

8   entity number C0692542. Kroger can sue and be sued in this Court.

9   **FACTUAL ALLEGATIONS**

10       24.    Kroger distributes two different pediatric OTC painkillers—Infants'

11   Products and Children's Products. The Products are available for both online and in-

12   store purchase at Ralphs store locations all across the United States.

13       25.    Prior to the acts complained herein, liquid acetaminophen marketed for

14   "infants" was only available in 80 mg/0.8 mL or 80 mg/mL concentrations, while

15   liquid acetaminophen marketed for "children" was only available in 160 mg/5 mL

16   concentrations.

17       26.    The difference in concentrations caused some consumers to accidentally provide

18   the wrong dosage of medicine to their children, thereby causing them to overdose.

19       27.    Between 2000 and 2009, U.S. Food and Drug Administration (FDA)

20   received reports of twenty (20) children dying from acetaminophen toxicity, and at

21   least three (3) deaths were tied to mix-ups involving the two pediatric medicines.

22       28.    On December 22, 2011, the FDA informed the public that liquid

23   acetaminophen marketed for infants would only be available in 160 mg/5 mL

24   concentration in order to prevent confusion and accidental acetaminophen toxicity.

25       29.    Since then, the only differences in liquid acetaminophen marketed for infants

26   versus children has been the price and dosing instrument included with the product (*i.e.*,

27   Defendants' Infants Products come with a syringe while the Children's Products come with a

28   plastic cup).

6

30.     The Products have the same 160 milligram concentration of acetaminophen, are interchangeable and therefore suitable for infants and children, adjusting the dosage based only on the weight and age of the child.

31.     Defendants have been engaging in the unfair, unlawful, deceptive, and fraudulent practice of manufacturing, marketing and selling the same product as two unique medicines, such that parents and caregivers mistakenly believe that they cannot purchase the significantly cheaper Children's Products for an infant.

32.     Defendants mislead consumers by using deceptive marketing techniques which obscure critical facts—that infants can safely take Children's Products and that the Products are exactly the same—from consumers statewide.

33.     Defendants deceive consumers so that they will buy the deceptively-labeled Infants' Products for infants, which cost significantly more than Children's Products, even though the Products contain the same exact amount of acetaminophen in the same dosage amounts.

34.     There are various conventions applied in sub-dividing the pediatric population by age. The FDA classification[1] for infants and children is as follows: infant (1 month to 2 years) and children (2 to 12 years).[2] Consumers may reasonably believe that a product that is labeled and marketed for consumption by infants should only be consumed by those between the ages of one (1) month to two (2) years old.

35.     Defendants distribute, market, and sell the Products in a manner that deceives reasonable consumers into thinking that infants cannot safely take the Children's Products.

---

[1] Guidance for Industry – General Considerations for Pediatric Pharmacokinetic Studies for Drugs and Biological products, Draft Guidance, US FDA, 10 November 1998.

[2] http://archives.who.int/eml/expcom/children/Items/PositionPaperAgeGroups.pdf (last visited July 10, 2020).

36.    Specifically, Defendants distinguish the two products by calling one "infants'" and one "children's" in distinctive lettering.

 

37.    Additionally, at the top of the Infants' Products, Defendants distinctively state "Compare to the active ingredient of Infants' Tylenol® Oral Suspension," while the top of the Children's Products states, "Compare to active ingredient of Children's Tylenol® Oral Suspension." Through this wording, Defendants attempt to deceive reasonable consumers into believing that the active ingredient in Infant Tylenol® is *different* than the active ingredient in Children's Tylenol®, when they know that the active ingredient is the same, further inducing reasonable consumers to purchase the more expensive Infants' Products.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

 

38.   Defendants further mislead consumers by placing "Ages 2-3" on the Infants' Products. Despite the inclusion of an age range, reasonable consumers believe that a product specifically labeled "infants" is just that, for infants. And no reasonable consumer (as confirmed by FDA age classification, which confirms an infant is ages 1 month to 2 years) would believe that an "infant" is a 2 or 3 year old.

39.   Furthermore, despite the fact that the Products contain the same exact amount of acetaminophen in the same dosage amounts, Defendants market and sell Infants' Products to consumers, such as Plaintiff, at a substantially higher cost than the Children's Products. In both Ralphs' online and in-store locations, Infants' Products cost approximately three times as much per ounce over Children's Products for the same amount of medicine.

40.   Defendants know that consumers, such as Plaintiff, are typically more cautious about what medicine they give to infants, especially when they are giving their infant a product that has caused accidental deaths in the past.

41.   No reasonable consumer would be willing to pay more money—and certainly not three times as much per ounce—for Infants' Products unless he or she had good reason to believe that Infants' Products were different than Children's

Products.

42.    Indeed, Defendants' misrepresentations and omissions, as described above, would be important to a reasonable consumer in deciding whether to purchase Infants' Products.

## **RULE 9(b) ALLEGATIONS**

43.    Defendants made material misrepresentations and failed to adequately disclose that the Products are the same. Except as identified herein, Plaintiff and Class members are unaware, and therefore, unable to identify, the true names and identities of those individuals at Defendants who are responsible for such material misrepresentations and omissions.

44.    Defendants made material misrepresentations regarding Infants' Products. Specifically, Defendants marketed, priced and sold Infants' Products in a manner to indicate to reasonable consumers that they are superior or somehow more appropriate for infants than Children's Products to justify charging the inflated price of Infants' Products. These representations were false and misleading because Infants' Products are the same as Children's Products.

45.    Defendants' advertising, in-store labeling, marketing, and placement of the Products contained the material misrepresentations, omissions, and non-disclosures continuously at every point of purchase and consumption throughout the Class Period.

46.    Defendants made numerous misrepresentations on the advertising, in-store labeling, marketing, and pricing of Infants' Products that were designed to, and, in fact, did, mislead Plaintiff and Class members into purchasing Infants' Products.

47.    Defendants made these material misrepresentations, omissions, and non-disclosures for the express purpose of inducing Plaintiff and other reasonable consumers to purchase or otherwise pay a price premium for Infants' Products based on the belief that Infants' Products were specifically designed for infants and

different from the identical Children's Products. Defendants profited by selling Infants' Products to thousands of unsuspecting consumers.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff seeks to bring this action as a class action, under Federal Rule of Civil Procedure 23, on behalf of herself and all others similarly situated.

49.     Plaintiff seeks to represent the following class: All persons who purchased Infants' Products, at Ralphs' store locations across the United States, for personal use (the "Nationwide Class").

50.     Plaintiff also bring this suit as a class action on behalf of the following subclass: All persons who purchased Infants' Products, at Ralphs' California store locations, for personal use (the "California Subclass").

51.     The following persons are excluded from the Nationwide Class and California Class (collectively, the "Classes"): Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judges to whom this case is assigned and any member of the judge's immediate family.

52.     Plaintiff reserves the right to re-define the Classes prior to class certification.

53.     The Classes satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirement of Federal Rule of Civil Procedure 23(a) and (b)(3).

54.     **Numerosity:** The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Although the precise number of members of the Classes is unknown to Plaintiff at this time, on information and belief, the proposed Classes contain thousands of purchasers of Infants' Products who have been damaged by Defendants' conduct as alleged herein.

/ / /

55.   **Existence and Predominance of Common Questions of Law and Fact:** There are questions of law and fact common to the Classes. These questions predominate over individual questions because Defendants' actions complained of herein were generally applicable to the Classes. These legal and factual questions include, but are not limited to:

a.   Whether Infants' Products and Children's Products are the same;

b.   Whether Defendants knew or should have known that Infants' Products and Children's Products are the same;

c.   Whether Defendants' conduct and/or omissions in its marketing, pricing and selling the Infants' product in the manner discussed herein indicated to members of the Classes that Infants' Products were superior or somehow more appropriate for infants than Children's Products;

d.   Whether Defendants' misrepresentations and omissions were material to reasonable consumers;

e.   Whether Defendants' labeling, marketing, and the sale of Infants' Products constitutes false advertising;

f.   Whether Defendants' conduct injured Plaintiff and the Classes and, if so, the extent of the damages; and

g.   The appropriate remedies for Defendants' conduct.

56.   All questions as to the representations and publicly disseminated advertisements and statements attributable to the Defendants at issue herein are similarly common. A determination of Defendants' knowledge regarding the misleading and deceptive nature of the statements made in its website, advertisements, and labels will be applicable to all members of the Classes. Further, whether Defendants violated any applicable state laws and pursued the course of conduct complained of herein, whether Defendants acted intentionally or recklessly in engaging in the conduct described herein, and the extent of the appropriate

measure of injunctive and declaratory relief, damages and restitutionary relief are common questions to the Classes.

57. **Typicality:** Plaintiff's claims are typical of the Classes because Defendants injured all members of the Classes through the uniform misconduct described herein; all members of the Classes were subject to Defendants' false, misleading, and unfair marketing practices and representations, including the false and misleading claim that Infants' Products were different from Children's Products warranting a premium price; and Plaintiff seeks the same relief as the members of the Classes.

58. Further, there are no defenses available to the Defendants that are unique to Plaintiff.

59. **Adequacy of Representation:** Plaintiff is a fair and adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against the Defendants. Further, Plaintiff has selected competent counsel that is experienced in class action and other complex litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the resources to do so.

60. **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

        a.    The damages individual members of the Classes suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address the Defendants' conduct.

        b.    It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if they could afford such individual litigation, the court system

could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudications, economies of scale, and comprehensive supervision by a single court.

c.  The prosecution of separate actions by the individual members of the Classes would create a risk inconsistent or varying adjudications with respect to individual members of the Classes members, which would establish incompatible standards of conduct for the Defendants.

d.  The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to adjudications or that would substantively impair or impede their ability to protect their interests.

61.  The claims of the Classes may be certified under Rule 23(b)(1), (b)(2) and/or (b)(3). The members of the Classes also seek declaratory and injunctive relief but also seek sizeable monetary relief.

## **<u>FIRST CAUSE OF ACTION</u>**

### **Violation of Consumers Legal Remedies Act (CLRA)**

### **Cal. Civ. Code §§ 1750, *et seq.***

### **(Against Defendants on behalf of Plaintiff and the California Subclass)**

62.  Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

63.     Plaintiff and the California Subclass have standing to pursue this claim as they have suffered injury in fact and lost money as a result of Defendants' actions, as set forth herein.

64.     At all times relevant hereto, Defendants were and are "person(s)," as defined in Cal. Civ. Code § 1761(d).

65.     At all times relevant hereto, Defendants' Infants' Products are a "good," as defined in Cal. Civ. Code § 1761(d).

66.     At all relevant times hereto, Plaintiff and the California Subclass members' purchases of Infants' Products constitute "transactions," as defined in Cal. Civ. Code § 1761(e).

67.     The following subsections of the CLRA prohibit the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction which is intended to result or which results in the sale or lease of goods or services to any consumer:

68.     Cal. Civ. Code § 1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not have;

69.     Cal. Civ. Code § 1770(a)(9): Advertising goods or services with intent not to sell them as advertised; and,

70.     Cal. Civ. Code § 1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

71.     Defendants have violated and continue to violate Cal. Civ. Code § 1770(a)(5) by representing that Infants' Products have sponsorship, approval, characteristics, ingredients, benefits or quantities which they do not have.

72.     Defendants have violated and continue to violate Cal. Civ. Code § 1770(a)(9) by advertising Infants' Products with the intent not to sell them as

advertised.

73.     Defendants have violated and continue to violate Cal. Civ. Code § 1770(a)(16) by representing Infants' Products have been supplied in accordance with previous representations when they have not.

74.     Defendants have violated and continue to violate Cal. Civ. Code §§ 1770(a)(5), (a)(9) and (a)(16) by deceiving consumers into thinking that infants cannot safely take Children's Products, and that they must buy the more expensive Infants' Products, as described more fully above. Indeed, Plaintiff and the California Subclass members relied on Infants' Products packaging prior to purchase. These representations and omissions were uniformly made and would be important to a reasonable consumer in deciding whether or not to purchase Infants' Products. No reasonable consumer would be willing to pay approximately three times as much per ounce more unless he or she had good reason to believe that Infants' Products were different than the Children's Products.

75.     Defendants' misrepresentations and omissions were done with the intent to deceive Plaintiff and the California Subclass members and to deprive them of their legal rights and money.

76.     Defendants knew that Infants' Products were not uniquely for infants, that Children's Products and Infants' Products are the same product, and that Children's Products are safe and suitable for infants. Defendants deceptively advertised or intentionally omitted in Infants' Products packaging, online materials, and commercials.

77.     Plaintiff is concurrently filing the declaration of venue required by Cal. Civ. Code § 1780(d).

78.     The policies, acts, and practices hereto described were intended to result in the sale of Infants' Products to the consuming public, particularly to cautious parents with sick infants who needed medicine, and violated and continue to violate Cal. Civ. Code § 1770(a)(5) by representing that Infants' Products have

characteristics, benefits, uses, or quantities which they do not have.

79.     Defendants' actions as described herein were done with conscious disregard of Plaintiff and the California Subclass' rights, and Defendants have acted wantonly and maliciously in its concealment of the same.

80.     Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA as Defendants continue to make the same misrepresentations and omit material information regarding Infants' Products.

81.     Pursuant to Cal. Civ. Code § 1780(a), Plaintiff and the California Subclass seek restitution and an order enjoining Defendants from engaging in the methods, acts and practices alleged herein, and any other relief deemed proper by the Court.

82.     In accordance with Cal. Civ. Code § 1782, and prior to the filing of this Complaint, Plaintiff, on May 18, 2020, mailed a notice and demand letter by certified mail, with return receipt requested, to Ralphs. Plaintiff notified Ralphs of its violations of § 1770, as described above, and demanded that Ralphs correct the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Ralphs received the notice and demand letter on May 22, 2020.

83.     Because Ralphs has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff and the California Subclass seek actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief this Court deems proper as a result of Ralphs' CLRA violations.

84.     Pursuant to Cal. Civ. Code § 1782, Plaintiff will notify Kroger in writing by certified mail of its violations of § 1770 described above and demand that it correct the problems associated with the actions detailed above and give notice to all affected consumers of Kroger's intent to so act. If Kroger does not agree to

1   rectify the problems identified and give notice to all affected consumers within 30

2   days of the date of written notice, Plaintiff will amend this Complaint to seek actual,

3   punitive, and statutory damages, restitution, attorneys' fees and costs, and any other

4   relief this Court deems proper as a result of Kroger's CLRA violations.

5   **SECOND CAUSE OF ACTION**

6   **Violation of California's False Advertising Law (FAL)**

7   **Cal. Bus. & Prof. Code §§ 17500, *et seq.***

8   **(Against Defendants on behalf of Plaintiff and the Nationwide Class)**

9       85.    Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

10      86.    In marketing, advertising and labeling Infants' Products, Defendants

11  made, and continue to make, false and misleading statements in order to induce

12  consumers into purchasing Infants' Products on a false premise.

13      87.    In marketing, advertising and labeling Infants' Products, Defendants

14  failed and continue to fail to make material disclosures, including a disclosure

15  notifying consumers that Infants' Products is the same product as Children's

16  Products.

17      88.    Defendants are aware that the claims that they make about Infants'

18  Products are false, misleading, without basis, and unreasonable.

19      89.    Defendants engaged in the deceptive conduct alleged above in order to

20  induce the public to purchase the more expensive Infants' Products instead of

21  Children's Products.

22      90.    In marketing, advertising and labeling Infants' Products described

23  above, Defendants knew or should have known that their statements regarding the

24  uses and characteristics of Infants' Products were false and misleading.

25      91.    Defendants' misrepresentations of the material facts detailed above

26  constitute unfair and fraudulent business practices within Cal. Bus. & Prof. Code §

27  17200.

28  / / /

92.   Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein.

93.   All of the conduct alleged herein occurs and continues to occur in the Defendants' respective business. Defendants' wrongful conduct is part of a course of conduct repeated on hundreds, if not thousands, of occasions every day.

94.   Plaintiff and the Nationwide Class were misled into purchasing Infants' Products by Defendants' deceptive conduct and misleading advertising as alleged above.

95.   Plaintiff and the Nationwide Class were misled and, because the misrepresentations and omissions were uniform and material, presumably believed that Infants' Products has benefits which it does not; namely that it is more suitable and safer for infants than the Children's Products.

96.   Additionally, Defendants' use of various forms of advertising and marketing have deceived and are likely to continue deceiving the consuming public, in violation of California Business and Professions Code § 17500.

97.   As a result of Defendants' wrongful conduct, Plaintiff and the Nationwide Class have suffered injury in fact and have lost money. Indeed, Plaintiff and the Nationwide Class purchased Infants' Products because of Defendants' misrepresentations that Infants' Products are a more suitable and safer OTC medicine for infants than Children's Products. Plaintiff and the Nationwide Class would not have purchased Infants' Products if they had known that the advertising and representations as described herein were false.

### THIRD CAUSE OF ACTION

**Violations of Unfair Competition Law (UCL)**

**Unlawful, Fraudulent & Unfair Business Practices**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(Against Defendants on behalf of Plaintiff and the Nationwide Class)**

98.   Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

99.     As alleged above, Plaintiff and the Nationwide Class have standing to pursue this claim as they have suffered injury in fact and have lost money or property as a result of Defendants' actions. Specifically, prior to the filing of this action, Plaintiff and the Nationwide Class purchased Infants' Products for their own personal household use. In so doing, they relied on Defendants' misrepresentations and omissions of material facts, as alleged in detail above. Had Defendants disclosed to Plaintiff and the Nationwide Class that Infants' Products and Children's Products are identical and that Children's Products are in fact suitable and safe for infants, Plaintiff and the Nationwide Class would not have purchased the more expensive Infants' Products.

100.   Defendants' misrepresentations and omissions of material fact as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they deceived Plaintiff and the Nationwide Class into believing that the Infants' Products are somehow specially formulated for infants and different from the less expensive Children's Products.

101.   Defendants are aware that the claims that they make about Infants' Products are deceptive, false and misleading. Defendants are also aware that consumers with infants, such as Plaintiff, tend to be more cautious about what medicine to give their infant, especially when they are giving an infant a product that has caused accidental deaths in the past.

102.   Defendants' actions as described herein constitute unfair competition within the meaning of California's UCL, insofar as the UCL prohibits "any unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising."

103.   Defendants' conduct constitutes an "unlawful" business practice within the meaning of the UCL because it violates the CLRA and FAL.

104.   Defendants' conduct constitutes an "unfair" business practice within the meaning of the UCL because it is immoral, unethical, oppressive, unscrupulous

and/or substantially injurious to consumers. Plaintiff and the Nationwide Class were misled because Defendants' misrepresentations and omissions, described above, were uniform and material. Plaintiff and the Nationwide Class reasonably relied on those misrepresentations and material omissions, believing based thereon that the Products are not identical, and that Infants' Products are in fact the only suitable OTC pain and fever reliever for infants. As a result of Defendants' misrepresentations and omissions, Plaintiff and the Nationwide Class lost money or property.

105.  Plaintiff and the Nationwide Class were misled and, because the misrepresentations and omissions were uniform and material, presumably believed that the Products are not identical, and that Infants' Products are in fact the only suitable OTC pain and fever reliever for infants.

106.  Defendants' conduct constitutes a "fraudulent" business practice within the meaning of the UCL insofar as Defendants' misrepresentations and omissions regarding the formulation of the Infants' Products are likely to deceive members of the public.

107.  As a direct and proximate result of Defendants' wrongful business practices in violation of the UCL, Plaintiff and the Nationwide Class have suffered injury-in-fact and lost money or properly as a result of purchasing the Infants' Products. Plaintiff and the Nationwide Class members would not have purchased or paid as much for the Infants' Products had they known they were identical to the less expensive Children's Products.

108.  Defendants' wrongful business practices constitute a continuing course of conduct of unfair competition since Defendants are labeling, marketing, and selling the Infants' Products in a manner likely to deceive the public.

109.  Pursuant to section 17203 of the UCL, Plaintiff and the Class members seek an order of this Court enjoining Defendants from engaging in the unfair and

1   fraudulent business practices alleged herein, in connection with the sale of the

2   Products.

3       110.   Additionally, Plaintiff and the Nationwide Class seek an order

4   awarding restitution of the money wrongfully acquired by Defendants by means of

5   the unfair and fraudulent business practices alleged herein.

6                         **FOURTH CAUSE OF ACTION**

7                **Violation of The Magnuson-Moss Warranty Act**

8                      **15 U.S.C. §§ 2301, *et seq.***

9       **(Against Ralphs on behalf of Plaintiff and the Nationwide Class)**

10      111.   Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

11      112.   Plaintiff brings this cause of action against Ralphs on behalf of herself

12   and on behalf of the Nationwide Class. Upon certification, the Class will consist of

13   more than 100 named plaintiffs.

14      113.   The Magnuson-Moss Warranty Act provides a federal remedy for

15   consumers who have been damaged by the failure of a supplier or warrantor to

16   comply with any obligation under a written warranty or implied warranty, or other

17   various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C.

18   §§ 2301 *et seq*.

19      114.   The Infants' Products are "consumer products" within the meaning of

20   the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

21      115.   Plaintiff and the Nationwide Class are "consumers" within the meaning

22   of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

23      116.   Ralphs is the "supplier" and "warrantor" of the Infants' Products within

24   the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) &

25   2301(5).

26      117.   Ralphs represented in writing that the Infants' Products were

27   manufactured or designed for infants by prominently displaying the word "infants"

28   on the front-label packaging and the product information and price tags displayed

next to Infants' Products on the store shelves.

118.   These statements were made in connection with the sale of the Infants' Products and relate to the nature of the Infants' Products and affirm and promise that the Infants' Products are as represented and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

119.   As alleged herein, Ralphs breached the written warranty by selling consumers Infants' Products that were nothing more than Children's Products with the word "infants'" prominently displayed.

120.   The Infants' Products do not conform to Ralphs' written warranty and therefore violate the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* Consequently, Plaintiff and the Nationwide Class have suffered injury and are entitled to damages in an amount to be proven at trial.

121.   On May 18, 2020, Plaintiff, on behalf of herself and the Nationwide Class mailed a pre-litigation letter by certified mail, with return receipt requested, to Ralphs notifying that the conduct, as alleged herein, violated the Magnuson-Moss Warranty Act.

### FIFTH CAUSE OF ACTION

### Breach of Express Warranty

### (Against Ralphs on behalf of Plaintiff and the Nationwide Class)

122.   Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

123.   As part of each contract for the sale of Infants' Products, Ralphs represented that the Infants' Products were manufactured or designed for infants by prominently displaying the word "infants'" on the front-label packaging and the product information and price tags display next to Infants' Products on the store shelves.

124.   Ralphs' representations that represented to consumers that the Infants' Products were manufactured, developed, and designed to be used for infants constituted express warranties and became part of the basis of the bargain between

23

Plaintiff and the Nationwide Class, on the one hand, and Ralphs, on the other.

125. Ralphs represented that Infants' Products were manufactured, developed, and designed to be used for infants to induce Plaintiff and the Nationwide Class to purchase Infants' Products, and pay more for them than they otherwise would have had they known the truth.

126. Plaintiff and the Nationwide Class relied on Ralphs' representations that Infants' Products were manufactured, developed, and designed to be used for infants, when it knew that the Children's Products were the same product, yet sold at a significantly lower cost.

127. Plaintiff and the Nationwide Class have performed all conditions precedent to Ralphs' liability under the above-referenced contracts when they purchased the Infants' Products for their ordinary purposes.

128. Ralphs breached its express warranties about Infants' Products because they were nothing more than Children's Products with the word "infants'" prominently displayed.

129. As a result of Ralphs' breach of express warranties, Plaintiff and the Nationwide Class were damaged in the amount of the purchase price or the premium they paid for the Infants' Products, together with interest thereon from the date of purchase, in an aggregate amount that Plaintiff will prove at trial.

130. On May 18, 2020, a reasonable time after they knew or should have known of such breach, Plaintiff, on behalf of herself and the Nationwide Class, sent a notice letter to Ralphs which provided notice of Ralphs' breach and demanded that Ralphs correct, repair, replace, or otherwise rectify the breach complained of herein. The letter also stated that if Ralphs refused to do so, a complaint would be filed. Ralphs failed to comply with the letter.

131. Plaintiff and the Nationwide Class seek actual damages and punitive damages for Ralphs' breach of warranty, in an amount to be proven at trial.

132. On May 18, 2020, Plaintiff, on behalf of herself and the Nationwide

Class mailed a pre-litigation letter by certified mail, with return receipt requested, to Ralphs notifying that the conduct, as alleged herein, breached the express warranty.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

### (Against Defendants On behalf of Plaintiff and the Nationwide Class)

133.   Plaintiff hereby incorporates paragraphs 1-61 as if fully set forth herein.

134.   Plaintiff, on behalf of herself and on behalf of the Nationwide Class, brings a common law cause of action for unjust enrichment.

135.   Defendants' conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling Infants' Products while misrepresenting and omitting material facts.

136.   Defendants' unlawful conduct as described in this Complaint allowed Defendants to knowingly realize substantial revenues from selling Infants' Products at the expense of, and to the detriment or impoverishment of, Plaintiff and the Nationwide Class, and to Defendants' benefit and enrichment. Defendants have thereby violated fundamental principles of justice, equity, and good conscience.

137.   Plaintiff and the Nationwide Class conferred significant financial benefits and paid substantial compensation to Defendants for Infants' Products, which were not as Defendants represented them to be.

138.   Under California's common law principles of unjust enrichment, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and the Nationwide Class' overpayments.

139.   Plaintiff and the Nationwide Class seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and the Nationwide Class may seek restitution.

/ / /

/ / /

/ / /

1

## **PRAYER FOR RELIEF**

2          **WHEREFORE**, Plaintiff, on behalf of herself and the Classes, prays for

3   judgment as follows:

4          (a)    Certifying that the action may be maintained as a Class Action and that

5                 Plaintiff be appointed the Class Representative and its counsel as Class

6                 Counsel;

7          (b)    Declaring that Defendants are financially responsible for notifying the

8                 members of the Class of the pendency of this suit;

9          (c)    Declaring that Defendants have committed the violations of law alleged

10                herein;

11         (d)    Providing for any and all injunctive relief the Court deems appropriate;

12         (e)    Awarding statutory damages in the maximum amount for which the

13                law provides;

14         (f)    Awarding monetary damages, including but not limited to any

15                compensatory, incidental, or consequential damages in an amount that

16                the Court or jury will determine, in accordance with applicable law;

17         (g)    Providing for any and all equitable monetary relief the Court deems

18                appropriate;

19         (h)    Awarding Plaintiff's reasonable costs and expenses of suit, including

20                attorneys' fees;

21         (i)    Awarding pre- and post-judgment interest to the extent the law allows;

22                and

23         (j)    For such further relief as this Court may deem just and proper.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff demands a trial by jury on all issues so triable.

3

4   DATED: July 14, 2020                     **PEARSON, SIMON & WARSHAW, LLP**

5

6

7                                            By:      */s/ Daniel L. Warshaw*

8                                                     DANIEL L. WARSHAW (Bar No. 185365)
9                                                      dwarshaw@pswlaw.com
10                                                   NAVEED ABAIE (Bar No. 323338)
                                                       nabaie@pswlaw.com
11                                                  **PEARSON, SIMON & WARSHAW, LLP**
12                                                   15165 Ventura Boulevard, Suite 400
                                                     Sherman Oaks, CA 91403
13                                                   Telephone: (818) 788-8300
14                                                   Facsimile: (818) 788-8104

15                                                   MELISSA S. WEINER*
16                                                     mweiner@pswlaw.com
                                                     JOSEPH C. BOURNE (Bar No. 308196)
17                                                     jbourne@pswlaw.com
                                                     **PEARSON, SIMON & WARSHAW, LLP**
18                                                   800 LaSalle Avenue, Suite 2150
19                                                   Minneapolis, MN 55402
                                                     Telephone: (612) 389-0600
20

21                                                   ANDREW J. SHAMIS*
                                                       ashamis@shamisgentile.com
22                                                   **SHAMIS & GENTILE, P.A.**
23                                                   14 NE 1st Avenue, Suite 1205
                                                     Miami, FL 33132
24                                                   Telephone: (305) 479-2299

25                                                   SCOTT EDELSBERG (Bar No. 330990)
26                                                     scott@edelsberglaw.com
                                                     **EDELSBERG LAW, P.A.**
27                                                   20900 NE 30th Avenue, Suite 417
28                                                   Aventura, FL 33180

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (305) 975-3320

RACHEL DAPEER*
    Rachel@dapeer.com
**DAPEER LAW, P.A.**
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: (305) 610-5523

*Attorneys for Plaintiff and the Proposed Class*

*Pro Hac Vice* Forthcoming

DANIEL L. WARSHAW (Bar No. 185365)
dwarshaw@pswlaw.com
NAVEED ABAIE (Bar No. 323338)
nabaie@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300

Attorneys for Plaintiff and the Proposed Class

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

REYNOLDS HARTWICH, individually and on behalf of all others similarly situated,

        Plaintiff,

   vs.

THE KROGER CO. and RALPHS GROCERY COMPANY, a division of the Kroger Company,

        Defendants.

Case No.

**CLASS ACTION**

**DECLARATION OF REYNOLDS HARTWICH PURSUANT TO CALIFORNIA CIVIL CODE § 1780**

Reynolds Hartwich declares:

1.    I am personally familiar with the facts set forth in this declaration, and if called as a witness, I could and would competently testify to the matters stated herein.

2.    This action has been commenced in a county described in California Civil Code section 1780 as a proper place for trial of this action. The transactions or a substantial portion thereof occurred in Orange County, California.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on July 13th, 2020, at _Newport Beach_, California.

_____
Reynolds Hartwich